IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James and Shelly Timmons, Individually and as Parents and Natural Guardians of X.T., | Civil Action No.: 4:15-cv-00638-RBH |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, Olukayode Akinjala, M.D., Health Partners of South Carolina, Inc. and Conway Medical Center, Inc., | |
| Defendants. | |

This matter is before the Court on the motion of Defendants Olukayode Akinjala, M.D., Health Partners of South Carolina, Inc. and United States of America to dismiss Plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, ECF No. 12. After reviewing the motion to dismiss and the parties' briefs,[1] the Court denies the motion without prejudice and orders a limited period of discovery on certain issues.

Also before the Court is the motion to dismiss of Defendant Conway Medical Center, Inc. (CMC), in which CMC moves to dismiss the complaint with prejudice on the basis that "there is an active, ongoing lawsuit regarding the exact same facts and circumstances pending in the Horry County, South Carolina Court of Common Pleas, Civil Action No. 2014-CP-26-3521." The motion is also based on the doctrines of res judicata and collateral estoppel. Mot. to Dismiss, ECF No. 6.

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

The Court denies this motion without prejudice as discussed herein and also orders limited discovery.

Finally, pending before the Court is Plaintiffs' Motion for Amended Scheduling Order, which requests the Court to extend the deadline for the Rule 26(f) conference and all other deadlines until the remaining defendants answer. Motion for Amended Scheduling Order, ECF No. 11. This motion is granted, and the Court allows a limited discovery period as set forth hereinbelow.

## FACTUAL HISTORY AND PROCEDURAL BACKGROUND

On February 12, 2015, Plaintiffs James and Shelly Timmons, individually and as parents and natural guardians of their minor child, X.T., filed a complaint in this Court against the above named defendants. Compl., ECF No. 1. They asserted negligence claims against the defendants arising from alleged medical malpractice relating to the birth of their child. The complaint alleges on information and belief that Defendant CMC receives funding under the Federal Health Center Program and is a covered entity under the Federally Supported Health Centers Assistance Act (FSHCAA) as a Community Health Center. (Paragraph 7) The Complaint alleges on information and belief that Dr. Akinjala was working for CMC as an independent contractor pursuant to the FSHCAA and that Dr. Akinjala is an employee and/or owner of Health Partners. (Paragraphs 5, 8) The Complaint further alleges that this Court has jurisdiction over the United States, CMC, and Dr. Akinjala under 28 U.S.C. Section 1346(b) and supplemental jurisdiction over Health Partners. The government has attached a declaration of agency counsel to the motion to dismiss (ECF No. 12-2) which states that Health Care Partners "was deemed eligible for Federal Tort Claims Act

malpractice coverage" and that Dr. Akinlaja was an employee of Health Care Partners during the relevant time period.

Plaintiffs allege that, on October 18, 2011, Plaintiff Shelly Timmons was admitted to Conway Medical Center for induction of labor, under the care of Dr. Akinjala of Health Partners. Dr. Akinjala allegedly ordered gradually increasing amounts of Pitocin to induce labor, which was administered by Conway Medical staff.  Plaintiffs allege that Dr. Akinjala never discussed with Mrs. Timmons that he could deliver the baby by caesarean section.  They allege that vacuum assistance was used at delivery on October 19, 2011 and that the baby's shoulders were rotated with the right shoulder anterior.  They further allege that Dr. Akinjala never discussed the risks associated with vacuum-assisted vaginal delivery.  Plaintiffs allege that the baby weighed 10 pounds, 8 ounces at birth and that he was "observed to hold his right arm down to his side with little movement."  (Paragraph 32).  The Complaint alleges that on October 26, 2011, Ms. Timmons brought the baby to Conway Medical Center's Emergency Department, and the baby was diagnosed with Erb's Palsy. The Complaint alleges that "an administrative claim was timely presented and no ruling has been made in the six months following the filing of the Notice of Claim."  (Paragraph 14) The government attached documents to the motion to dismiss regarding the plaintiffs' administrative tort claims. The documents include an administrative tort claim sent by overnight mail on October 16, 2013 by counsel for James Timmons and Shelly Timmons for X. Timmons, minor child, to the United States Department of Health and Human Services Region IV Office of General Counsel in Atlanta, Georgia.  That office forwarded the claim to the General Law Division of the Office of General Counsel in Washington, D.C. on October 17, 2013, and the claim was received in Washington, D.C. on October 21, 2013.  (Exhibit 2 to ECF No. 12-1).  The claim was

also faxed by Plaintiffs' counsel to the HHS office of General Counsel, General Law Division on October 17, 2013. (Exhibit 3, Claim No. 2014-0003) On October 17, 2013, Mrs. Timmons filed an administrative claim on her own behalf. (Exhibit 5, Claim No. 2014-0010) The parties differ as to whether the claims covered allegations against Conway Medical Center or the other defendants only. The government contends that no claims were filed against Conway Medical Center, but only against Akinjala as an employee of Health Partners and Health Partners as a federally qualified healthcare center. On October 29, 2013, a letter was sent to Plaintiffs' counsel, Shannon Felder, Esq. at the Solomon Law Group acknowledging receipt of the claim and requesting records. On November 18, 2013, a paralegal from the Solomon Law Group, LaShanda Franklin, sent records for review. (Exhibits 7, 8) A letter dated June 18, 2014 from attorney Felder to HHS requested a status update on the claims. This letter was received by HHS on June 25, 2014. (Exhibit 9) A letter dated June 19, 2014 was sent to Attorney Felder informing her that Claim Numbers 2014-0003 and 2014-0010 had been denied. (Exhibit 10) The denial letter was sent by certified mail and was signed for on June 24, 2014. (Exhibits 10-12) Plaintiffs contend that the letter indicated only that the claims against Dr. Akinjala and Health Partners had been denied but did not address their claims against Conway Medical Center.

This action was filed on February 12, 2015.

On October 18, 2013, Plaintiffs had filed a Notice of Intent to File Suit against Dr. Akinjala, Health Care Partners, and Conway Medical Center. A lawsuit was filed in the South Carolina Court of Common Pleas for Horry County under case number 2013-CP-26-03521. The case was closed without resolution on May 29, 2014. On May 29, 2014, Plaintiffs filed suit against Conway Medical Center in case number 2014-CP-26-03521. That case is still pending.

4

### RULE 12(B)(6) STANDARD

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of a plaintiff's complaint. *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Walters*, 684 F.3d at 439 ("[W]hile a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.' " (quoting *Twombly*, 550 U.S. at 570)). Finally, when ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(d) provides that, if on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "all parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion." However, the Fourth Circuit has recognized an exception to the general rule that the court should not consider extrinsic evidence when ruling on a Rule 12(b)(6) motion. "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 1999)(quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). The reason for the exception "is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Trigon*, (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks omitted).

A defendant's statute of limitations affirmative defense can be raised in a 12(b)(6) motion to dismiss; however, it is seldom appropriate to do so. "A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses." *Richmond, Fredricksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). Accordingly, a statute of limitations defense must "clearly appear[] on the face of the complaint." *Id.* In other words, the complaint must clearly "allege all facts necessary to the affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citing *Forst*, 4 F.3d at 250).

**GOVERNMENT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

In its motion to dismiss Plaintiffs' complaint, the United States contends that Plaintiffs' claim is barred by their failure to file suit within six months of receiving the agency denial and that

6

equitable tolling does not apply as a matter of law. The relevant statutes are set forth below. 28 U.S.C. Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.[2]

28 U.S.C. Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . .

In *United States v. Wong*, 135 S.Ct. 1625 (2015), the Supreme Court determined that the time limitations in 28 U.S.C. § 2401(b) are not jurisdictional and are subject to equitable tolling.[3] Therefore, the government has appropriately brought the present motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim rather than Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The government asserts in its motion to dismiss that the complaint is time-barred pursuant to Section 2401(b) because the plaintiffs received the denial of the claims on June 24, 2014 and the

---

[2] "The time requirements for the filing of an administrative claim and the commencement of a civil suit are set forth in 28 U.S.C. Section 2401. That section provides that a claim must be 'presented in writing *to the appropriate federal agency* within two years after such claim accrues' and that a civil action must be commenced within six months after the final denial of the claim by the agency. 28 U.S.C. Section 2401(b) (emphasis added)." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

[3] In a case decided before *Wong*, *Gould v. United States Dep't of Health and Human Services*, 905 F.2d 738, 747 (4th Cir. 1990), the Fourth Circuit affirmed the dismissal of an FTCA action on statute of limitations grounds on summary judgment while recognizing that "the statute of limitations provision under the FTCA often works a substantial hardship on plaintiffs and may have a harsh impact on a party innocent of any impropriety." The court found that any exceptions to the statute of limitations must be made by Congress, not the courts.

7

lawsuit in this Court was not filed until February 12, 2015, more than six months later.  Plaintiffs assert that the complaint is timely under Section 2675(a).  Plaintiffs assert that their administrative claim alleged negligence by CMC, Dr. Akinjala, and Health Partners.  Plaintiffs further assert that the June 2014 denial did not address CMC at all and also did not address whether CMC was a federal entity.  They also assert that the claims "clearly indicated that the tortious activities performed by the employees of Conway Medical Center, Dr. Akinjala, and Health Partners occurred at CMC."  (ECF No. 14, p. 4)  As noted hereinabove, the Complaint in this action alleges in Paragraph 7 that upon information and belief, Conway Medical  receives funding under the Health Center Program and is a covered entity under the Federally Supported Health Centers Assistance acts (FSHCAA) of 1992 and 1995 as a Community Health Center. The Complaint further alleges that "[a]n administrative claim was timely presented and no ruling has been made in the six months following the filing of the Notice of Claim."  (Compl., ECF No. 1, paragraph 14.)

   The government asserts in its Reply (ECF No. 16) that the administrative claims do not specify any allegations of negligence against CMC and that, even if they did, such a claim would have been denied on the basis that CMC was not a recipient of a grant under the Public Health Service Act and cannot be a deemed entity under the FSHCAA, 42 U.S.C. 233(g)-(n).  The government attaches a declaration of HRSA to the Reply, attesting that CMC is not even a federal entity.  The government also asserts in the Reply that the United States does not control the actions of CMC employees or the day-to-day operations of CMC and that CMC and its employees do not meet the definition of an employee of the federal government under the FTCA or the "control test" under *Patterson & Wilder Constr. Co. v. United States*, 226 F.3d 1269, 1274 (11th Cir. 2000).

This Court must determine whether it may consider any of the extrinsic evidence attached to the Motion to Dismiss or Reply without converting the motion to a motion for summary judgment. The plaintiffs' administrative claims are integral to and explicitly relied on in the complaint, and the plaintiffs do not challenge their authenticity. Therefore, consideration of the claims would be appropriate. However, the denial of the claims is not explicitly referenced in the complaint; indeed, the complaint alleges that the claims have not been denied. Therefore, the Court finds that the claims denial should not be considered at the motion to dismiss stage. The Court cannot resolve the statute of limitations issues without referring to the agency's denial of claims. In addition, the Court believes that, even if it were to find that the plaintiffs' claims are barred by the statute of limitations, the issues relating to equitable tolling cannot be resolved at the motion to dismiss stage. Therefore, the motion to dismiss by the United States, Dr. Akinjala, and Health Partners is denied without prejudice, and the Court will allow a 90-day discovery period on the issues relating to the statute of limitations and equitable tolling. These defendants may raise their arguments relating to the statute of limitations in a dispositive motion filed within thirty (30) days after the end of the discovery period.

**CMC's Motion to Dismiss**

CMC has moved to dismiss the complaint against it in federal court on the basis that a similar action is pending in state court and that the doctrines of res judicata and collateral estoppel require dismissal of the federal lawsuit against it. The state court complaint is attached to the motion. The motion does not comply with Local Rule 7.04 in that no supporting memorandum is attached to the motion.

"It is axiomatic that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction[4] given by them' by Congress. *Colorado RiverWater Conservation District v. United States*, 424 U.S. 800, 818 (1976). This obligation requires federal courts to exercise jurisdiction even if concurrent litigation is pending in a state court. *MidAtlantic Intern., Inc. v. AGC Flat Glass North America, Inc.*, 497 Fed. Appx. 279 (4th Cir. 2012). "[R]es judicata effect will be given to whichever judgment is rendered first." *Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 746 (4th Cir. 2002). Therefore, it is not appropriate to dismiss CMC at this time on the basis of res judicata and collateral estoppel with reference to the concurrent state lawsuit. However, in the event the other defendants ultimately prevail on their statute of limitations argument leaving only CMC as a defendant, and if it is determined that CMC is not a federal entity, this Court would be faced with a lack of subject matter jurisdiction as well as abstention doctrine concerns based on a pending state court case involving CMC. Therefore, the Court raises the issue of subject matter jurisdiction over CMC *sua sponte*[5] in the event there is no basis for supplemental jurisdiction over CMC and allows the parties to engage in a ninety (90) day period of jurisdictional discovery.[6]

---

[4] The plaintiffs allege federal subject matter jurisdiction against CMC based upon the FTCA and allege that CMC is considered to be a federal entity under the FTCA. "The FTCA, therefore, provides for a limited waiver of the United States' sovereign immunity, but this waiver restricts liability to acts or omissions of agents or employees of the United States." *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). Defendant United States asserts that CMC is not a federal entity based upon a declaration attached to its Reply. However, even if CMC is found not to be a federal entity, it may be appropriate for this Court to exercise jurisdiction over it pursuant to 28 U.S.C. Section 1367, which grants district courts supplemental jurisdiction to hear claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. Section 1367(a). The Court has discretion to decline supplemental jurisdiction if the claim raises novel or complex questions of state law, the claim substantially predominates over the claim over which the court has original jurisdiction, or in exceptional cases. *See Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).

[5] The Court may raise any doubts concerning its subject matter jurisdiction *sua sponte*. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[6] The government has attached to its Reply the declaration of Helen R. Harpold, a senior advisor for the Division of Grants Management Operations within the Health Resources and Services Administration (HRSA), Department of Health and Human Services, which states that HRSA has "no record of a grant application submitted by or awarded to Conway Medical Center" in its database. (Decl., ECF No. 16-1) It is not appropriate for the Court to consider the declaration or the arguments made in the Reply that the United States did not control the actions of employees of CMC or its day-to-day operations without allowing the parties to engage in jurisdictional discovery.

#### CONCLUSION

**IT IS THEREFORE ORDERED** that the motion to dismiss by the government defendants (ECF No. 12) and the motion to dismiss by CMC (ECF No. 6) are denied without prejudice. The plaintiffs' motion to amend the scheduling order is granted. Counsel should submit a proposed amended scheduling order within ten (10) days after all defendants have filed an answer.

The Court allows the parties to engage in limited discovery for a period of ninety (90) days limited to issues concerning the statute of limitations, equitable tolling, and also whether CMC is a federal entity for subject matter jurisdiction purposes, after which the defendants may file dispositive motions raising the statute of limitations and subject matter jurisdiction. Such dispositive motions shall be filed within thirty (30) days after the 90-day discovery period has ended.

**IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

February 24, 2016
Florence, South Carolina