UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Timmons, Individually and as Parent and Natural Guardian of X.T., Shelly Timmons, Individually and as Parent and Natural Guardian of X.T., | Civil Action No.: 4:15-cv-00638-RBH |
| Plaintiffs, | |
| v. | **ORDER** |
| United States of America and Conway Medical Center, Inc., | |
| Defendants. | |

This matter is before the Court on Defendant United States of America's [ECF No. 31] motion to dismiss for failure to state a claim and Defendant Conway Medical Center, Inc.'s [ECF No. 32] motion to dismiss for lack of subject matter jurisdiction and under the doctrine of abstention.[1] This Court converted the pending motions to dismiss to motions for summary judgment by Text Order on November 30, 2016.

**Procedural History**

This medical malpractice action was filed on February 12, 2015 and brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 - 2680. Plaintiffs alleged claims for negligence against Defendants United States of America, Olukayode Akinlaja, M.D., Health Care Partners of South Carolina, Inc. (HCPSC), and Conway Medical Center, Inc. Defendant Conway Medical Center ("CMC") moved to dismiss the complaint on March 30, 2015, arguing that a similar action was

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

pending in state court and that the doctrines of res judicata and collateral estoppel require dismissal of the federal lawsuit against it. On May 11, 2015, Defendants Akinlaja, HCPSC, and the United States moved to dismiss the complaint arguing the claim was due to be dismissed because Plaintiffs failed to file suit within six months of receiving the agency denial and equitable tolling does not apply as a matter of law.

On February 24, 2016, the Court denied Defendants motions to dismiss without prejudice and permitted the parties to engage in limited discovery for a period of 90 days on the issues of the statute of limitations, equitable tolling, and whether CMC is a federal entity for subject matter jurisdiction purposes. At the close of the limited discovery period, on June 10, 2016, Defendants refiled their motions to dismiss. Defendants Akinlaja, HCPSC, and the United States filed their motion pursuant to Rule 12(b)(6) again arguing Plaintiffs' claims should be dismissed because Plaintiffs failed to file a complaint against the United States within six months after Plaintiffs received the agency's final denial of the claim pursuant to 28 U.S.C. § 2401(b). Defendant CMC filed its motion to dismiss pursuant to Rule 12(b)(1) arguing lacking of subject matter jurisdiction and abstention.

On November 15, 2016, by Consent Order, the parties acknowledged that the United States is the only federal defendant to be named pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(a) and (g)-(n) and dismissed Defendants Akinlaja and HCPSC with prejudice.

Defendants attached a stipulation of facts, declarations, affidavits, and other documents to their motions to dismiss. Upon initial review of Defendants' motions and Plaintiffs' response, the Court recognized the need to refer to matters outside the pleadings. On November 30, 2016, the

Court entered a Text Order placing the parties on notice of its intent to convert Defendants' motions to dismiss into motions for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure. The Court invited Plaintiffs to supplement the record with any appropriate materials outside the pleadings that should be considered in determining whether the United States is entitled to summary judgment based on Plaintiffs' alleged failure to file the Complaint within the prescribed statute of limitations and whether equitable tolling should apply.

On December 23, 2016, Plaintiffs filed a memorandum indicating that they intended to rely on materials already before the Court and did not plan to submit any additional materials to the Court in consideration of the pending motions for summary judgment.

**Stipulated Facts**

Following the limited period of discovery, the parties stipulated to the following facts:

1. Health Care Partners of South Carolina, Inc. (HCPSC) is a nonprofit organization consisting of physicians and health care professionals who serve the health care needs of individuals and families in the coastal area of South Carolina. These services include the care and treatment of prenatal, labor and delivery, and postpartum care.

2. Health Care Partners of South Carolina, Inc. was deemed to be an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(g)-(n), on October 15, 1993, redeemed on June 23, 1996, and from January 1, 2011 to December 31, 2011. At all times relevant to the allegations contained in the complaint of this matter Olukayode Akinlaja, M.D. (Akinlaja) was an employee of HCPSC. Therefore, Dr. Akinlaja and HCPSC are entitled to coverage under the Federal Tort Claims Act ("FTCA") for claims for personal injury, including death, resulting

from the performance of medical, surgical, dental, or related functions, within the scope of employment. 42 U.S.C. § 233(a).

3. At the time of the pregnancy of Shelley Timmons (Timmons), she was provided care by HCPSC for herself and her unborn child. Part of this care was provided by Dr. Akinlaja at a HCPSC facility.

4. Conway Medical Center (CMC) is a nonprofit medical center located at 300 Singleton Bridge Road, Conway, South Carolina. CMC is not a federally supported health care center under FSHCAA.

5. Dr. Akinlaja had medical staff privileges in obstetrics and gynecology at CMC at all times relevant to the allegations contained in the complaint. These privileges permitted Dr. Akinlaja to admit his patients into CMC and provide medical care and treatment to these patients while at CMC.

6. At all times relevant to the allegations contained in the complaint, Dr. Akinlaja had privileges at CMC, but he was not an employee or contractor of or by CMC. During Plaintiffs' labor and delivery, CMC employees followed directions/instructions given to them by Dr. Akinlaja regarding Plaintiffs' treatment.

7. On October 18, 2011 Timmons was admitted to CMC by Dr. Akinlaja as her treating physician, and remained her attending and treating physician for the birth of Timmons' son (XT) on October 19, 2011.

8. On October 18, 2014, the plaintiffs filed a Notice of Intent to File Suit against all parties named in the suit, save for the United States. The suit was filed in the South Carolina Court of Common Pleas for Horry County under the case number 2013-CP-26-06934. On October

29, 2013, the plaintiffs, through her counsel, sent a letter to Clifford Portis (Retired CFO of HCPSC) that included the Notice of Intent to Sue and the affidavit of Richard L. Stokes, M.D. This case was closed without resolution on May 29, 2014.

9. On October 16, 2013, plaintiffs, James Timmons and Shelley Timmons, filed an administrative tort claim with the Department of Health and Human Services ("HHS") Region IV Office of General Counsel located in Atlanta, Georgia. On October 17, 2013, the Region IV Office of General Counsel forwarded the original documents including the original mailing envelope to the General Law Division of the Office of General Counsel in Washington, D.C. The claims package was received by the General Law Division on October 21, 2013.

10. On October 17, 2013, plaintiffs, James Timmons and Shelley Timmons filed a duplicate administrative tort claim on behalf of XT with HHS alleging medical malpractice by Dr. Akinlaja and Health Care Partners with respect to care provided during plaintiff Shelley Timmons' labor and delivery at CMC. This administrative tort claim (Claim No. 2014-0003) was sent via facsimile to the HHS Office of General Counsel, General Law Division. The duplicate claim was also sent by U.S. Postal Service.

11. On October 17, 2013, plaintiff Shelley Timmons filed an administrative tort claim with HHS on her own behalf alleging that she had experienced pain and suffering, medical expenses and emotional distress as a result of the negligent medical care she received from Dr. Akinlaja during her labor and delivery at CMC. This administrative tort claim (Claim No. 2014-0010) was submitted via facsimile to the General Law Division of the Office of General Counsel.

12. A letter dated June 18, 2014 from plaintiffs' attorney, Shannon L. Felder, to Daniel Mendoza of HHS requesting a status update on the administrative tort claims of the plaintiffs was received by HHS on June 25, 2014.

13. A letter dated June 19, 2014 was sent to plaintiffs' attorney, Shannon L. Felder, informing her that the administrative tort claims of her clients, James and Shelly Timmons, were denied.  The letter referenced Akinlaja and HCPSC, but not CMC.  This letter was sent to Shannon Felder, Esq., The Solomon Law Group, 1519 Richland Street, Columbia, SC 29201-2609.  This letter was sent through the United States Postal Service by certified mail with return receipt.  On June 24, 2014, this letter was delivered to 1519 Richland Street in Columbia, SC and the signature card was signed indicating receipt of this mailing.

14. This letter concerning the claims in this case, ECF No. 12-1 *Exhibit 10* was in fact received by the Plaintiffs' attorney's office as indicated by ECF No. 12-1 *Exhibit 11* and *12*.

15. On February 12, 2015, the plaintiffs filed the complaint in this matter.

16. The Plaintiffs and Defendants, United States (representing Dr. Akinlaja and HCPSC) and CMC, have agreed not to depose any witnesses relative to the Court's Order dated February 24, 2016 permitting limited time for discovery concerning issues delineated in the order.  This agreement includes not deposing Brett Barr, Chief Financial Officer of CMC, Angela Williford, Vice President of Quality at CMC, and H. Edward Wilder, Chief Financial Officer of HCPSC.  The parties have agreed to permit the declarations and affidavit of Barr, Williford and Wilder to be considered by the Court in determining issues raised by the parties in this matter.

## **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

**Discussion**

The United States argues that Plaintiffs' claims against the United States (substituted as defendant for Akinlaja and HCPSC) should be dismissed because Plaintiffs failed to file suit against the United States within six months of receiving the final denial of their administrative claims presented to the Department of Health and Human Services (HHS).  Specifically, the United States states that Plaintiffs' administrative claims were denied by letter dated June 19, 2014 from HHS and that the letter was received by Plaintiffs' counsel on June 24, 2014.  The United States contends that because the instant lawsuit was not filed until February 12, 2015, Plaintiffs' claims against the United States are forever barred pursuant to 28 U.S.C. § 2401(b).

Plaintiffs respond that their lawsuit was timely filed because the June 19, 2014 letter from HHS did not constitute a final administrative adjudication of all of their administrative claims. Plaintiffs contend the June 19, 2014 letter was not a final denial of their claims because the government did not make a determination as to any claims against CMC or its employees.  Plaintiffs further argue the government cannot avoid liability where its deemed governmental employee directed and controlled the tortious activity that caused the injury.  Finally, Plaintiffs argue that they are entitled to equitable tolling based on the government's failure to state the status of CMC or its employees.  Plaintiffs claim they did not file their lawsuit within six months of the June 19, 2014 letter because they believed the government was still investigating the status of CMC and its employees and that HHS had not issued a final denial of their claims.

Title 28 U.S.C. § 2401(b) states:

> A tort claim against the United States shall be forever barred unless
> it is presented in writing to the appropriate Federal agency within
> two years after such claim accrues or *unless action is begun within*

8

> *six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented*.

Until recently, the failure to file a lawsuit within the time period prescribed by § 2401(b) was considered a jurisdictional bar. However, in *United States v. Kwai Fun Wong*, ––U.S. ––, 135 S.Ct. 1625, 1629, 191 L.Ed.2d 533 (2015), the Supreme Court held that the FTCA's limitations period is not a jurisdictional rule but a claims-processing rule that allows for equitable tolling. Section 2401(b) "requires a plaintiff to bring a federal civil action within six months after a federal agency mails its notice of final denial of his claim." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016). "Plaintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently <u>and</u> extraordinary circumstances prevented them from filing on time." *Raplee*, 842 F.3d at 333. Equitable tolling "is reserved for 'those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id*. (citing *Harris v. Hutchingson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In this case, Plaintiffs' claims against the United States are barred because their lawsuit was not filed within six months after the date of mailing of the final denial of their administrative claims. Plaintiffs' administrative claims were denied by letter dated June 19, 2014. The June 19, 2014 letter states in part:

> On October 17, 2013, you filed two administrative tort claims under the Federal Tort Claims Act . . . alleging that on October 18, 2011 and October 19, 2011, Dr. Olukayode Akinjala and Health Care Partners of South Carolina, Inc., located in Conway, South Carolina, committed medical malpractice by failing to provide proper labor and delivery care to Mrs. Timmons, resulting in their baby suffering Erb's Palsy. . . .

9

> This letter constitutes the notice of final determination of these administrative tort claims, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claims of Shelly Timmons, individually and James and Shelly Timmons, on behalf of X. Timmons, a minor, are denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.
>
> If your clients are dissatisfied with this determination, they may . . . file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

[ECF No. 12-11]. The letter identifies the claims submitted by Plaintiffs by the appropriate claim number and unambiguously denies those claims. The letter specifically states that the letter constitutes a final determination of the administrative claims and references the applicable statutes. Additionally, the letter instructs that if Plaintiffs wish to pursue their claims further they must either file a written request for reconsideration within six months or file a lawsuit against the United States within six months from the date of mailing of the letter. Viewing the evidence in the light most favorable to the Plaintiffs, the June 19, 2014 letter was a clear and unambiguous final denial of Plaintiffs' administrative claims. Accordingly, the six month limitations period for filing a lawsuit in federal court against the United States under 28 U.S.C. § 2401(b) began to run on the date the June 19, 2014 letter was mailed.

Plaintiffs' position that the government's failure to specifically deny the claims as to CMC and its employees created a communication void and that the Plaintiffs did not file suit within the prescribed six month period because they were waiting for an agency denial of the claims against CMC and its employees is inconsistent with the record in this case. First, Plaintiffs' SF-95 forms and attachments specifically identify Dr. Akinlaja and HCPSC as potential defendants but do not

identify CMC or its employees as potential defendants. *See* [ECF Nos. 12-3, 12-4, 12-5, and 12-6]. From the face of Plaintiffs' SF-95s, it does not appear that Plaintiffs submitted an administrative claim with respect to CMC or its employees. Second, the Certificate of Pre-Suit Mediation and Impasse filed in connection to the state court action reveals Plaintiffs' intention to pursue their allegations against CMC and its employees in state court while pursuing their allegations against Dr. Akinlaja and HCPSC under the FTCA. *See* [ECF No. 32-3]. Third, before Plaintiffs' administrative claims were denied on June 19, 2014, Plaintiffs initiated a state court medical malpractice action against CMC only that was filed on May 29, 2014. *See* [ECF No. 32-4]. Finally, the affidavit of Marian Scalise and the emails from Plaintiffs' counsel unequivocally show that Plaintiffs were pursuing both a state court action against CMC because it did not fall under the FTCA, and a parallel federal action under the FTCA against Dr. Akinlaja and HCPSC. Plaintiffs' claim that there existed a communication void with regard to CMC is simply not supported by the record.

Because the six month limitations period found in 28 U.S.C. § 2401(b) began to run on the date the June 19, 2014 denial letter was mailed, the instant lawsuit against the United States filed on February 12, 2015 is untimely. Plaintiffs argue, however, that they are entitled to equitable tolling because they believed the government had not issued a final denial as to CMC and the government was still investigating their claims against CMC. As discussed above, Plaintiffs' argument is belied by Plaintiffs' SF-95 forms, the Certificate of Pre-Suit Mediation and Impasse, the state court lawsuit initiated against CMC only, Marian Scalise's affidavit, and Plaintiffs' counsel's own emails. Plaintiffs failed to demonstrate that they pursued their rights diligently or that extraordinary circumstances prevented them from filing their lawsuit on time. *See Raplee*, 842 F.3d at 333. Plaintiffs are therefore not entitled to equitable tolling of § 2401(b)'s limitations period.

Plaintiffs also argue that the government cannot avoid liability where its deemed governmental employee directed and controlled the tortious activity of CMC's employees. Plaintiffs suggest there is a question of fact as to whether CMC's employees are federal employees because Dr. Akinlaja directed their actions during the labor and delivery. This argument, however, ignores the fact that despite any questions regarding the status of CMC's employees,[2] Plaintiffs were

---

[2] Plaintiffs argue "[t]he narrative submitted with the SF95 is rife with allegations of negligence as to CMC" and that "CMC was absolutely identified as a person/entity involved." [Plaintiffs' Memorandum in Opposition, ECF No. 34, at 3]. However, the SF95s/claim forms submitted by Plaintiffs state:

> Defendants Akinjala and Healthcare Partners were negligent, grossly negligent, willful, wanton and reckless in the following particulars and deviated from the appropriate standards of care:
> 
> a. in failing to offer the option of a cesarean section versus a trial of labor in a patient with polyhydraminos and large fetus size and in failing to disclose the risk/benefit alternatives of each;
> b. in failing to monitor adequately the labor and delivery of a patient with known polyhydraminos and large fetus size;
> c. in failing to properly diagnose and assess fetal hyperstimulation due to increased frequency of contractions;
> d. in continuing to prescribe Pitocin for too long at an excessive dose where the fetus was already hyperstimulated in the labor process and where continuing Pitocin is contraindicated and increasing the dosage is further contraindicated;
> e. in failing to offer an expectant patient in labor a cesarean rather than vaginal delivery when the baby was noted to be in fetal distress;
> f. in failing to institute proper intrauterine resuscitation to a patient in labor when the baby was noted to be in fetal distress;
> g. in failing to offer the option of a cesarean section rather than a vacuum-assisted vaginal delivery when it became apparent one of the two methods would need to be employed in the face of fetal distress and in failing to disclose the risk/benefit alternatives of each; and
> h. in failing to assess and inform a patient in labor and delivery of the risks associated with a vacuum-assisted vaginal delivery, specifically risks outlined in a black box warning issued by the FDA regarding increased morbidity and mortality, as well as the significantly increased risk of brachial plexus injuries when compared to spontaneous deliveries or cesarean delivery.

[ECF Nos. 12-3, 12-4, 12-5, 12-6]. Nowhere on claim forms or the attached narrative summary do Plaintiffs identify CMC or its employees as potential defendants or advance specific negligence allegations

issued a final denial of their administrative claims by letter dated June 19, 2014 that unambiguously stated "[t]he administrative tort claims of Shelly Timmons, individually and James and Shelly Timmons, on behyalf of X. Timmons, a minor, are denied." The letter further advised Plaintiffs of the six month filing deadline. Plaintiffs did not file this lawsuit until February 12, 2015, more than six months after the June 19, 2014 letter was mailed to Plaintiffs' counsel.

In conclusion, Plaintiffs' lawsuit against the United States is untimely because it was not commenced within six (6) months of the date of mailing of the final denial of Plaintiffs' administrative claims and Plaintiffs have failed to set forth a sufficient basis for equitable tolling. The United States is therefore entitled to summary judgment.

CMC filed a motion to dismiss arguing that if the United States' motion for summary judgment was granted, the federal lawsuit against CMC should be dismissed for lack of jurisdiction and on the basis of abstention because there is an identical state court action pending against CMC. Plaintiffs filed a response agreeing that if the United States was dismissed from the federal lawsuit, the instant case against CMC should be dismissed and the state court action against CMC would then proceed. This Court agrees and grants CMC's motion, with Plaintiffs' consent.

## Conclusion

For the reasons stated above, Defendant United States of America's [ECF No. 31] motion to dismiss and Defendant Conway Medical Center, Inc.'s [ECF No. 32] motion to dismiss, both of which were converted to motions for summary judgment, are **GRANTED**. Plaintiffs' claims

---

against them. In any event, even if Plaintiffs intended to advance administrative claims against CMC and/or its employees, the June 19, 2014 denial letter from HHS was an unequivocal final denial of the administrative claims submitted by Plaintiffs, regardless of how they may have been characterized or should have been characterized.

against the United States are **DISMISSED with prejudice**. Plaintiffs' claims against CMC are **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

January 26, 2017                          s/ R. Bryan Harwell
Florence, South Carolina             R. Bryan Harwell
                                            United States District Judge